CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff Robert Oliver

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Robert Oliver**, <br><br> Plaintiff, <br><br> v. <br><br> **Hane Hardware, LLC,** a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Robert Oliver complains of Defendants Hane Hardware, LLC, a California Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a quadriplegic who cannot walk and who uses a wheelchair for mobility.

2. In September 2015, Defendant Hane Hardware, LLC, was the owner of the property located at or about 508 E. Florence Ave., Los Angeles, California, where True Value Hardware (hereinafter referred to as "True Value") was

Complaint

located.

3. Currently, Defendant Hane Hardware, LLC, is the owner of the property located at or about 508 E. Florence Ave., Los Angeles, California.

4. In September 2015, Defendant Hane Hardware, LLC, was the business owner of True Value.

5. Currently, Defendant Hane Hardware, LLC, is the business owner of True Value.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is

located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to True Value in September of 2015 to shop.

11. True Value is a facility open to the public, a place of public accommodation, and a business establishment.

12. Paths of travel are one of the facilities, privileges, and advantages available to patrons of True Value.

13. In September 2015, there was no marked path of travel from the designated disabled parking space to the entrance of True Value.

14. Currently, there is no marked path of travel from the designated disabled parking space to the entrance of True Value.

15. In September 2015, the paths of travel in and throughout the merchandise aisles at True Value were not accessible to wheelchair users due to the configuration of the store's aisles.

16. Currently, the paths of travel in and throughout the merchandise aisles at True Value are not accessible to wheelchair users due to the configuration of the store's aisles.

17. In September 2015, the paths of travel in and throughout the aisles at True Value were restricted to less than 36 inches in width due to the defendants' practice of placing merchandise and merchandise displays in the aisles.

18. Currently, the paths of travel in and throughout the aisles at True Value are restricted to less than 36 inches in width due to the defendants' practice of placing merchandise and merchandise displays in the aisles.

19. In September 2015, there were moveable obstructions in the aisles at True Value that reduced the paths of travel to less than 36 inches in width.

20. Currently, there are moveable obstructions in the aisles of True Value

Complaint

that reduce the paths of travel to less than 36 inches in width.

21. In September 2015, one of the aisles in True Value had a permanent pole in the middle that restricted the path of travel to less than 36 inches in width.

22. Currently, one of the aisles in True Value has a permanent pole in the middle restricting the path of travel to less than 36 inches in width.

23. In September 2015, the average path of travel in and throughout True Value was 26 inches in width.

24. Currently, the average path of travel in and throughout True Value is 26 inches in width.

25. In September 2015, some aisles in and throughout True Value were as narrow as 18 inches in width.

26. Currently, some aisles in and throughout True Value are as narrow as 18 inches in width.

27. Plaintiff personally encountered the inaccessible paths of travel at True Value.

28. In encountering and dealing with the lack of accessible facilities, the plaintiff experienced difficulty and frustration.

29. Plaintiff is informed, and thereon alleges the following barriers exist at the facility.

30. Although it is expected that pedestrians will travel onto the site from the exterior public sidewalks, in September 2015 there was no wheelchair accessible route of travel from the boundary of the site to the accessible building entrances within the site because the tracks of a wrought iron gate created an uneven and unstable surface.

31. Currently, there is no wheelchair accessible route of travel from the boundary of the site to the accessible building entrances within the site because the tracks of a wrought iron gate create an uneven and unstable

surface.

32. In September 2015, the transaction counter at True Value was over 36 inches in height.

33. In September 2015, there was no lowered, 36-inch or lower portion of the counter for use by persons in wheelchairs.

34. Currently, the transaction counter at True Value is over 36 inches in height.

35. Currently, there is no lowered, 36-inch or lower portion of the counter for use by persons in wheelchairs.

36. These violations denied the plaintiff full and equal access to facilities, privileges and advantages offered by the defendants.

37. The Plaintiff would like to return to True Value but will continue to be discriminated against until defendants cure the inaccessible conditions that exist in the facility.

38. Additionally, on information and belief, the plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

39. Not only have the defendants failed to remove barriers and provide accessible facilities as enumerated above but the removal of these barriers and the provision of accessible facilities is readily achievably done at this location by these defendants.

40. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site

Complaint

inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

41. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

42. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

  a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

  b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

  c. A failure to make alterations in such a manner that, to the

Complaint

  maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

43. Under the Americans with Disabilities Act, any person who owns, leases, leases to or operates a place of public accommodation must ensure that that the facilities are made available in a full and equal manner and in a way that does not discriminate. (42 U.S.C. § 12182(a).)

44. Under the ADA, there must be an accessible route within the boundary of the site from the accessible parking to the accessible building entrance they serve. 1991 Standards § 4.3.2(1); 2010 Standards § 206.2. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public. *Id*. The accessible route must be at least 36 inches in width except at doors. 1991 Standards § 4.3.3; 2010 Standards § 403.5.1.

45. Here, the failure to provide an accessible path of travel from the handicap parking space to the entrance is a violation of the law.

46. Under the ADA, there must be an accessible route of travel from the boundary of the site, i.e., from the public street and public sidewalks at the "site arrival points" to the building entrances on the site. 1991 Standards (1991 Standards) § 4.1.2(1); 2010 Standards (ADAAS) § 206.2.1.

47. Here, the failure to provide an accessible route of travel from the boundary of the site to the building entrances on the site is a violation of the law.

48. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An

Complaint

accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

49. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

50. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 in in length with a maximum height of 36 in above the floor. 1991 Standards § 7.2(1); 2010 Standards § 904.

51. Here, the failure to provide an accessible transaction counter is a violation of the law.

52. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

53. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

54. The plaintiff has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

55. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

56. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

Complaint

57. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: November 30, 2015                CENTER FOR DISABILITY ACCESS

By:_____
Mark Potter, Esq.
Attorneys for Plaintiff

9

Complaint